IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD KAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:21-cv-00475 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| AMAZON FULFILLMENT ) | |
| SERVICES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Richard Kaylor ("Plaintiff") and Defendant Amazon Fulfillment Services, Inc. ("Amazon"), acting (in their words) "[p]ursuant to Rule 21 of the Federal Rules of Civil Procedure have filed a "Stipulated Dismissal of Amazon Fulfillment Services, Inc." (Doc. No. 25, "Motion"), with an attached proposed order. (Doc. No. 25-1, "proposed order"). Via the Motion, the parties purport to "stipulate to the dismissal of Amazon [but not any other Defendant] in this case without prejudice" and refer to the proposed order without expressly moving for its entry. (Doc. No. 25 at 1). The proposed order would have this Court "order[] that Amazon is dismissed without prejudice and Plaintiff shall not refile claims against Amazon unless the matter does not settle and Defendant PurposeBuilt Brands, Inc. confirms its intent to pursue a comparative fault claim against Amazon." (Doc. No. 25 at 1).

It appears that the parties have confused two different procedural devices, invoking both when actually only one is appropriate here. First, the parties have purported to file a (joint) stipulation of dismissal, which is a device contemplated by Rule 41(a)(1)(A)(ii); assuming that a joint stipulation of dismissal is indeed the appropriate vehicle for dismissal, it is self-effectuating

and thus accomplishes the requested dismissal *without any action on the part of the Court*. Second, the parties have invoked Rule 21, which authorizes the dropping of parties *by the court* "on motion or on its own . . . on just terms." Fed. R. Civ. P. 21.

It is clear here that the Motion is actually properly viewed as a motion under Rule 21 rather than as a stipulation of dismissal under Rule 41. To begin with, the parties contemplate action by the Court—the entry of a particular proposed order with specific terms going beyond mere dismissal (*i.e.*, "Plaintiff shall not refile claims against Amazon unless the matter does not settle and Defendant PurposeBuilt Brands, Inc. confirms its intent to pursue a comparative fault claim against Amazon."). A Rule 41 stipulation of dismissal, by contrast, provides for mere dismissal and requires no action on the part of the Court to be effective. In addition, the Sixth Circuit has indicated that dismissal of a party, rather than of an entire action, is proper pursuant to Fed. R. Civ. P. 21. *AmSouth v. Dale*, 386 F.3d 763, 778 (6th Cir. 2004); *Sheet Metal Workers' Nat. Pension Fund Bd. of Trustees v. Courtad, Inc.*, No. 5:12-CV-2738, 2013 WL 3893556, at *4 (N.D. Ohio July 26, 2013) ("A plaintiff seeking to dismiss only one defendant from an action must move the Court to do so under Rule 21").

As noted, Rule 21 provides that the Court may at any time, on motion or on its own, add or drop a party or claim. Other circuits disagree, but district courts in this circuit routinely apply Rule 21, rather than Rule 41, when dismissing fewer than all defendants or claims. *United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 464 (E.D. Ky. 2018) (citing cases). This distinction between Rules 41 and 21 is not meaningless. *Id.* at 465. First, dropping less than the entirety of an action risks prejudice to the other parties. And, secondly, this is a federal court, where the rules matter. *Id*. In other words, "the procedural vehicle makes a difference." *EQT*

*Gathering, LLC v. A Tract of Prop. Situated in Knott Cty., Ky.*, No. CIV.A. 12-58-ART, 2012 WL 3644968, at *4 (E.D. Ky. Aug. 24, 2012).

For these reasons, the Court construes the Motion as a motion under Rule 21 to drop Amazon (and only Amazon) as a party on particular terms.

As indicated above, the Stipulation indicates that the claims against Amazon (and Amazon as a Defendant) should be dismissed without prejudice, and subject to refiling only if 1) the matter does not settle and; 2) Defendant PurposeBuilt Brands, Inc. confirms its intent to pursue a comparative fault claim against Amazon. Before determining whether such terms are just, as required for the Court to grant the Motion under Rule 21, the Court wishes to give Amazon's co-Defendants the opportunity to weigh in on the Motion. Accordingly, all Defendants other than Amazon at their option may file a response to the Motion. Any such response shall be filed by March 28.

IT IS SO ORDERED.

                                                    */s/ Eli Richardson*
                                                  ELI RICHARDSON
                                                  UNITED STATES DISTRICT JUDGE